RECEIVED

JUL 27 2020

BY MAIL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA

Plaintiff,

v.

Cause No. 4:19-CR-00327-RWS/ NAB

TERRELL REID,

Defendant

Pro SE Motion to Suppress Evidence and Statements

Comes Now Defendant TERRELL REID hereby moves to suppress any and all evidence seized by law enforcement officials from Mr. REID's 2007 Cadillac DTS on or about April 16, 2019. The evidence is a "Black Smith and Wesson Revolver 38 special+p. This evidence was seized in violation of Mr. REID's right to be free from unreasonable searches an seizures under the Fourth Amendment to the United States Constitution. Any statements made by Mr. REID after such unreasonable searches and seizures are fruit of the poisonous tree and should be suppressed.

Factual Background

1 of 8

1. According to police reports, on April 16, 2019, HSI working with HSI from "Texas" was conducting an ongoing Sting Investigation with no "Warrant".

(2) OFFicer's set up a Sting for drugs in the inside of the Best wern in St. Charles Missouri. Mr REID was arrested inside of the hotel room 321. And taken into police custody.

(3) The 2007 cadillac was towed to St. Charles City and was searched. They did find, however, a firearm inside the glove box.

(4) OFFicer's took Mr. REID into custody where he was interveiwed. Mr. REID allegedly told officer's that the gun was rented to him.

(5.) Mr. REID was charged with being a felon in violation of 18 U.S.C. § 922(g)(1), §924(c).

2 of 8

## Relevant Legal Standards

(6.) The Fourth Amedment States: "The right of the people to be secure in their persons, houses, papers, and effect, against unreasonable searches and seizures, shall not be violated, and no Warrant's shall issue, but upon probable cause supported by Oat or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." US. CONST. AMEND. IV.

(7.) Fourth Amendment analysis of warrantless searches begins "with the basic rule that searches conducted outside the judicial process, without prior approval by a judge or magistrate are per se unreasonable... subject to only a few specifically established and well-delineated exception." Arizona v. Gant, 556 U.S. 332, 338 (2009), quoting Katz v. United States, 389 U.S. 347, 356 (1967). The government bears the burden of showing "the need for an exemption from the warrant requirement and that its conduct fell within the bounds of the exemption." United States v. Marshall, 986 F. 2d 1171, 1173 (8th Cir. 1993) (citing Mincey v. Arizona, 437 U.S. 385, 391 (1978).

(8.) One such exception is a search incident to a lawful arrest. Gant, 556 U.S. at 338. A warrantless search of a vehicle incident to the recent occupant's lawful arrest is reasonable" only if the arrestee is within reaching distance of the passenger

compartment at the time of the search or it is
reasonable to believe the vehicle contains evidence
of the offense of arrest." Id. at 351. A search
is justified in these narrow circumstances to
protect officer safety and prevent the concealment
or destruction of evidence. Id. at 347.

(9.) Another exception is known as the automobile
exception. Police may conduct a warrantless search
of an automobile if, at the time of the search,
they have probable cause to believe that
vehicle contains contraband or other evidence
of crime. United States v. Farnell, 701 F. 3d 256,
264 (8th Cir. 2012).

## Analysis

(10.) The search of Mr. REID's car cannot be justified
as a search incident to arrest. Gant permits a
search of a vehicle incident to arrest only when
arrestee is within reaching distance of the passenger
compartment, or there is probable cause to believe
the vehicle contains evidence of the offense of
arrest. Gant, 556 U.S. at 351. At the time officers
searched the car Mr. Reid was in custody at
St. Charles City Jail. There was no way for him to
possibly reach a weapon in the passenger compartment
of the car. Further, according to police reports
Mr. REID was arrested for violation of 18 U.S.C. §
922 (g)(1), §924 (e)." The weapon, the 38 special was
found during the search of the car. The pistol was

4 of 8

not found in a search incident to arrest. Rather, it formed the basis for the arrest. (11.) Neither can the search of the car be justified under the automobile exception. In all comparable cases in which the 8th Circuit has upheld searches under the automobile exception, there has been more probable cause than in Mr. REID's case.

(12.) In United States v. Davis, 569 F.3d 813 (8th Cir. 2009), police stopped a car driven by Davis for speeding. 569 F.3d at 815. As officer's approached the car, they smelled marijuana. Id. They asked Davis to exit the vehicle, conducted a pat-down search of Davis, and found a plastic bag of marijuana in Davis pocket. Id. Davis was placed under arrest, the three passengers in the car were ordered out of the car, and the car was searched. Id. Officers found a handgun in the center console, and Davis was charged with being a felon in possession. Id. The district court upheld the search, holding in part that under the automobile exception the odor and discovery of marijuana provided probable cause to search the vehicle. ~~[struck through text]~~ Id. The Eighth Circuit affirmed. Id. at 818. The Eighth Circuit wrote, "If there had been any doubt whether the smell of smoldering cannabis constituted probable cause to search the vehicle, such doubt was obviated by the discovery of a bag of

marijuana in Davis's pocket. Consequently, Officer Howard was permitted to search Davis's vehicle without a warrant under the automobile exception." Id. at 817-18.

(13.) However, in Davis, there were three additional passengers present in the car. Their presence made it far more likely that there was in fact additional marijuana in the car—any one of them could have also possessed marijuana.

(14.) In contrast, Mr. Reid left his vehicle locked it and went to room 321 were he was taken into custody for drugs "the agents bought to the sting" the agents were the source for the drugs and the probable cause that more drugs was in the car decreased.

(15.) In United States v. Daniel, 809 F. 3d 447 (8th Cir. 2016), officers saw a car parked in a "high narcotics area" and a man sitting inside the car "handing stuff back and forth" to a man standing outside the car. 809 F. 3d at 448. The license plate on the car was associated with Daniel, who had two outstanding arrest warrants. Id. Officers approached Daniel as he was walking away from his vehicle. Id. One officer saw him discard a plastic baggie that contained drugs. Id. After handcuffing Daniel, officers smelled unburnt marijuana. Id. The Eighth Circuit found probable cause for the officers to search the vehicle. Id. at 449 Specifically, the Eighth Circuit cited the "behavior consistent with

a hand-to-hand drug transaction from inside the suspect vehicle... a baggie of drugs that Daniel discarded outside the vehicle, and.... an odor of marijuana emanating from the vehicle." Id.

(16.) In contrast, the HSI who arrested Mr. REID did not observe any behavior consistent with drug transactions, such as handing things to people who approached his car window or tossing bags out of the car. They did not glimpse any drugs or drug paraphernalia on the seats of the ~~xxxx~~ car through the windows. The officers ~~xxxx~~ found nothing on Mr. REID's person. The probable cause at that point to ~~xxxx~~ search the car was minimal.

(17.) There were no exigent circumstances that would prevent the officers from going to a judge with the evidence they already had. Mr. REID in custody for the sting, and obtaining a search warrant for Mr. REID's ~~car~~ ~~xxxx~~. The fact that the officers instead chose to search the car immediately without a warrant shows that it is more likely that the search was pretextual; they were looking for any type of evidence-cause they've been told that Mr. REID was selling drugs.

(18.) The statements Mr. REID allegedly made after being confronted with the evidence seized during the unreasonable search of his car

are fruit of the poisonous tree and should
be suppressed. Wong Sun v. United States, 371
U.S. 471 (1963).

## Conclusion

(19.) The warrantless search of Mr. REID's vehicle
was not a search incident to arrest, nor was it
justified by the automobile exception to the
warrant requirement. It was an unreasonable
search in violation of the Fourt Amendment and
should be suppressed. Furthermore, the statements Mr REID
allegedly made after being confronted
with the evidence seized during the unreasonable
search are fruit of the poisonous tree should
be suppressed.

Wherefore, Mr. REID requests that this Honorable
Court sustain his Motion to Suppress Evidence
and Statement's and grant an evidentiary hearing.

Respectfully submitted,

PRO Se   Jerrell Reid

7-22-20

8 of 8

Clerk,                                        7-22-20

    I'm writing the courts to let the courts
Know that I am filing this motion Pro Se to address
the issues I've raised about the 922(g)(1) and the 924(e),
and the 12.4 motion. I would like for the courts
to grant these motion's in the name of justice.
And I would like for this letter to be put on
the docket.
                                        Thanks
                                        Terrell Reid

RECEIVED

JUL 27 2020

BY MAIL

        Certificate of Server
    I here by certify a copy of the forgoing
was mailed to the clerk of the Eastern District
of Missouri, through postal service, using inmate
legal mail at Marion County Jail.

Reid
rioncityRd
a, Mo. 63461



egal Mail "

POSTAGE DUE ___ 10

OFFice of the Clerk
United States District Court
Eastern District of Missouri
111 S. Tenth Street
St. Louis, Missouri 63102

EIVED
27 2020
Y MAIL