**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )   **Cause No. 4:19-cr-327 RWS/NAB** |
| **v.** | ) |
| | ) |
| **TERRELL REID,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO SUPPRESS EVIDENCE AND**
**REQUEST FOR EVIDENTIARY HEARING**

COMES NOW Defendant Terrell Reid, by and through counsel, and respectfully offers this post-evidentiary hearing brief in support of his motions to suppress evidence.

The Fourth Amendment of the United States Constitution provides that: "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

"Searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967).

[P]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest.  When these justifications are

1

absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies. *Arizona v. Gant,* 129 S.Ct. 1710, 1723-24 (2009).

The applicable exception in this case is for a "search incident to a lawful arrest."  In *Arizona v. Gant*, a defendant was arrested for driving on a suspended license. 129 S.Ct. 1710 (2009). He was handcuffed and secured in the back of a patrol car.  Subsequent to the arrest, the police searched his car and found drugs in a jacket pocket.

In *Gant,* the Court analyzed prior precedent from *Chimel v. California*, 395 U.S. 752 (1969) and *New York v. Belton,* 453 U.S. 454 (1981), which allowed warrantless searches incident to lawful arrests that were of "the area from within which an arrestee might gain possession of a weapon or destructible evidence." *Chimel*, at 763.  As applied to automobiles, the same logic applied based in large part on the assumption that "articles inside a vehicle's passenger compartment are generally within the area into which an arrestee might reach." *Belton*, at 460. None of these circumstances apply when a defendant has already been taken into custody and removed from his vehicle.  Defendant did not consent to the search of his vehicle. The search was not conducted pursuant to a warrant and none of the exceptions to a warrantless search apply.

On April 16, 20190, ran enforcement ran Defendant's license plate when he pulled into the hotel parking lot. The license plate came back to Terrell Reid. EHT, 73. Defendant got out of the Cadillac and took a small bag and a small plastic case with him into the hotel. EHT, 30. Defendant was ultimately arrested in the hotel room by law enforcement officers. Defendant was searched incident to arrest in the hotel room and the following items were seized from Defendant in the hotel room:

1.       Four cell phones
2.       $4,500 cash
3.       Cooking stove
4.       Pyrex glass dish
5.       Digital scale.

EHT, 34.

Each of these five items has a corresponding Department of Homeland Security Custody Receipt for Seized Property and Evidence. The Smith and Wesson Revolver (and 6 bullets) also has such a receipt. Agent Thomas Gronewald seized this firearm from Defendant at 1600 hours on April 16, 2019.

Defendant was transported to the St. Charles Police Department for an interview, which began shortly before 1736 hours. EHT, 36-39. Defendant was mirandized and his consent to search the four cell phones was obtained. Exhibits, 4, 5. No warrant was ever obtained to search Defendant's car and Defendant's consent was never obtained. St. Charles Police K-9 officer/HIS TFO deployed his Narcotics Detecting Dog (NDD) "NITRO" on the Cadillac and "NITRO" alerted to both dogs for the odor of narcotics. (GOV-19). The Cadillac was taken the St. Charles Police Department for "safety concerns and a thorough search of the vehicle." (GOV-20). St. Charles Police HIS TFO Detective Steve Everingham and Canine Officer/HSO Dan Allen conducted a search of the Cadillac. A loaded Smith and Wesson revolver was located in the glove box. (Gov-20). No drugs were found.

**This gun was the <u>same gun</u> that Agent Gronewald seized from Defendant at 1600 hours.**

At some point in the interview, Agent Gronewald left the room to speak with another agent who told him that a gun had been found in Defendant's car. EHT, 50. When Agent Gronewald

returned to the interview, he advised Defendant that his car had been searched and a gun had been found in the glovebox of his car. EHT, 50.

**This gun was the <u>same gun</u> that Agent Gronewald seized from Defendant at 1600 hours.**

When the gun was seized from the Cadillac, the Defendant was being interviewed at the St. Charles Police Department by Agent Gronewald.  Defendant had no ability to reach any the items inside of the Cadillac.  There was no tow inventory done. The gun obtained from the Cadillac was seized without a search warrant, with no applicable exception to the search warrant requirement applicable, and in violation of the Fourth Amendment to the United States Constitution.

Given that no tow inventory was done, there are no circumstances that would make this warrantless, nonconsensual search of this vehicle reasonable and constitutional. "Nitro" alerting caused the car to be towed from the scene. But the car was not searched at the scene. There was no reason for law enforcement's choice to elect not to get a warrant.

The only item of evidentiary value found in the car was the gun. No drugs were found in the car. No evidence was at risk of disappearing or being destroyed. No person could reach it. And no one searched the car until it had already been towed to the police station.

Defendant's constitutional rights were violated when law enforcement illegally searched his car. Defendant's right to a fair trial and due process and the integrity of the justice system now hang in the balance.

WHEREFORE, the Defendant, having proper standing before this Court, Defendant respectfully requests that the gun seized during the search of the 2007 Cadillac should be suppressed as the fruit of an unreasonable search contrary to the protections of the Fourth Amendment of the United States Constitution.

4

MUHLENKAMP & BERNSEN,
ATTORNEYS AT LAW, LLC


By: */s/ Tory D. Bernsen*
　　 TORY D. BERNSEN, (#62857MO)
　　 Attorney for Defendant
　　 P.O. Box 220126
　　 St. Louis, Missouri 63122
　　 (314) 462-0400
　　 (314) 737-2899 (cell)
　　 tbernsen@mbstlcriminaldefense.com


## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties of record.

　　　　　　　　　　　 */s/ Tory D. Bernsen*
　　　　　　　　　　　 TORY D. BERNSEN

5