UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19 CR 327 RWS NAB |
| | ) | |
| TERRELL REID, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR
LEAVE TO FILE PRETRIAL MOTIONS**

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Lisa M. Yemm and James C. Delworth, Assistant United States Attorneys for said District, and states as follows in opposition to Defendant's Motion for Leave File Pretrial Motions (Doc. # 184):

**Procedural History**

1.      Following multiple motions to continue the date by which Defendant was to file pretrial motions, through both his previous attorney, (Doc. # 61, 76) and his present counsel, (Doc. # 89, 91, 93, 96, 98, 108), Defendant filed five (5) pretrial motions on February 11, 2020, one day out of time, with leave of the Court. (Doc. #110, 111, 112, 113, 114).

2.      On February 26, 2020, counsel for the Government moved to continue the date for the Government's response to those motions, after "[c]ounsel for Defendant thereafter advised the undersigned that it is possible additional or amended pretrial motions may be forthcoming." (Doc. # 119, ¶ 5).

1

3.      On March 6, 2020, Defendant filed a Motion for Leave to File Additional Pretrial Motions Out of Time (Doc. #121), which the Government did not oppose and which the Court granted (Doc. # 122).

4.      Defendant subsequently filed an additional pretrial Motion to Suppress All Evidence, or in the Alternative, for additional Discovery, on April 6, 2020 (Doc. #125).

5.      On April 20, 2020, the Government filed a motion to extend its time to respond to Defendant's then-six (6) outstanding pretrial motions. (Doc. # 131).

6.      On May 4, 2020, the parties filed a joint motion to extend the time for the Government's response, because "[c]ounsel for Defendant has advised [counsel for the Government that] he is presently conducting additional investigation regarding Defendant's pre-trial motions and the status of said motions may or may not change as a result." (Doc. # 135).

7.      On May 20, 2020, the Court held a telephone hearing during which counsel for Defendant made an oral motion to file additional pretrial motions. (Doc. #138). The Court granted Defendant's motion *only* insofar as defense counsel claimed a new motion would be predicated on a recently decided case, *United States v. Michael Flynn*, Case 1:17-cr-00232-EGS.  The Court denied leave to file any motions beyond those motions defense counsel claimed were implicated by new rulings in the *Flynn* case.

8.      Defendant subsequently filed a seventh pretrial motion, a Motion to Dismiss the Indictment/Counts in the Interests of Justice (Doc. # 144).

9.      The Government requested and received leave to file an omnibus response addressing all seven (7) motions in one filing, which it filed on June 12, 2020.

10.      An in-person evidentiary hearing was held in this matter on July 16, 2020. Defendant had the opportunity to call any witnesses of his choosing, and at the hearing defense

counsel had full opportunity to cross examine the Government's witnesses. Defendant also testified on his own behalf.

11.     Ten days after the hearing, Defendant filed a *pro se* motion seeking suppression of the firearm located by HSI agents during a search of the vehicle subsequent to Defendant's arrest. (Doc. # 177).

12.     On August 12, 2020, counsel for the defendant file the instant motion, seeking leave to file a motion also seeking suppression of the firearm, along with a memorandum in support, which appear similar to Defendant's *pro se* motion (Doc. #185, 186).

## Analysis

13.     Under Rule 12(c) of the Federal Rules of Criminal Procedure, a court may set a deadline for the filing of pretrial motions. If a party fails to file a pretrial motion before that deadline, the party waives that issue. *See* Fed.R.Crim.P. 12(e); *United States v. Salgado-Campos*, 442 F.3d 684, 686 (8th Cir. 2006) (upholding district court's affirmation of magistrate judge's order denying defendant's request for an extension of time to file pretrial motions).  A decision declining to consider an untimely pretrial motion will be reversed only for an abuse of discretion. *See United States v. Garrett*, 961 F.2d 743, 748 (finding district court did not abuse its discretion when it denied defendant's request to file motions to suppress out of time, where defendant filed motions 20 days past due date and presented no valid reason why his motions were not filed on time).

14.     Defendant's Motion for Leave to file Pretrial Motions alleges that "[a]t that hearing, evidence was adduced that Defendant did not know prior to the hearing." (Doc. # 184).  Defendant declines to identify what evidence that might be.   Defendant's motion to suppress and

memorandum in support likewise fail to identify the newly adduced evidence that might justify

leave to file an eighth pre-trial motion, *after* a hearing has been held.

      1.     In fact, Defendant's memorandum cites to the Government's Bates stamps on

discovery produced to Defendant over a year ago.  The circumstances regarding the seizure of the

gun were fully disclosed in discovery[1] and Defendant had ample opportunity to address this issue

prior to the hearing (and for that matter, at the hearing). *See Salgado-Campos,* 442 F.3d at 685

("[Defendant] fails to identify any discovery materials that were not made available to substitute

counsel either at the time he entered his initial appearance or in the months that followed.").

      2.     Defendant also states in his Motion for Leave that "[b]ecause there was a firearm

allegedly seized from Defendant's car, and that that [sic] firearm was discussed during the

interview between Defendant and law enforcement, Defendant requests leave of Court to file a

motion to Suppress the firearm."  (Doc. #184, p. 2).

      3.     The Government has filed notice of its intent not use Defendant's confession to law

enforcement in in case in chief at trial; however, that changes nothing with respect to the seizure

of physical evidence in this case.  A substantial amount of the evidence in this case (for example,

Defendant's cocaine 'test-kit'), and not simply the gun, was discussed in Defendant's lengthy post-

arrest interview with law enforcement. The seizure of the firearm was not predicated on

---

[1] As set out in the discovery as well as at the evidentiary hearing, the seizure of the firearm from the vehicle occurred following a positive alert by a narcotics-trained K9.  Even if the Court were to reach the merits of Defendant's motion – which the Government maintains it should not, for the reasons stated herein – Defendant's motion should be denied on the existing record in this case.  It is firmly established that in the Eighth Circuit, "a dog's identification of drugs in luggage or in a car provides probable cause that drugs are present." *United States v. Bloomfield*, 40 F.3d 910, 919 (8th Cir. 1994) ("[a]fter the drug dog "alerted," [officers] had probable cause to search the truck, and, under the automobile exception, did not need to obtain a warrant to make a valid search.") (citing *United States v. Place,* 462 U.S. 696, 709–10 (1983); United States v. Stone, 866 F.2d 359, 363 (10th Cir.1989)).  "Once probable cause is established, a car can be searched without a warrant under the automobile exception to the warrant requirement." *Id.* (citing *Chambers v. Maroney*, 399 U.S. 42, 52 (1969)).

Defendant's post-arrest statements to law enforcement, as clearly set out in the discovery and by HSI Special Agent Brevik at the pretrial hearing.

4.      Defendant's instant motion is untimely in the extreme, and Defendant has presented no compelling justification as to why he should be allowed to proceed on yet another motion at this late date, after numerous opportunities and ample time to file whatever pretrial motions he wished, and further, after the Court held an in-person evidentiary hearing, in the midst of a global pandemic, to allow Defendant adduce evidence and be fully heard on his motions.[2] *See United States v. Trancheff*, 633 F.3d 696, 698 (8th Cir. 2011) (concluding that the court "did not abuse its discretion in refusing to extend the time for [Defendant] to file pretrial motions. The desire to suppress incriminating evidence and the retention of new counsel are not by themselves sufficient to establish good cause to justify relief from a waiver of a defense, objection, or request under Rule 12.") (citing *Salgado-Campos,* 442 F.3d 684).

WHEREFORE, for the foregoing reasons, the United States respectfully requests Defendant's Motion for Leave to File Pretrial Motions (Doc. #184) be denied in its entirety.

---

[2] As noted in the Government's Omnibus Response to Defendant's seven pretrial motions, all seven of Defendant's motions violated the Court's Order (Doc. #28) that "any motion to suppress shall set forth, with particularity, the item(s) of evidence to which the motion is addressed, and shall set forth specific factual details to support any claim that such evidence was unlawfully obtained. ...Each motion to suppress must be accompanied by a memorandum of law setting forth the specific legal ground upon which it is contended that any such item of evidence was unlawfully obtained, with citations to authority."  As noted then, the Government was forced to guess as to what evidence Defendant sought to suppress and on what grounds.  Defense counsel acknowledged as much at the hearing. Defendant was nonetheless allowed wide latitude to proceed on vague, overbroad, and conjectural claims.  He presents no valid justification as to why he should be allowed an additional bite at the apple now, nearly a month later.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Lisa M. Yemm*
LISA M. YEMM, #64601MO
JAMES C. DELWORTH #29702MO
Assistant United States Attorneys
111 South 10th St., 20th Floor
St. Louis, MO 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2020 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Attorneys of Record for defendant.

*/s/ Lisa M. Yemm*
LISA M. YEMM, #64601MO
Assistant United States Attorney

6