UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Cause No.     4:19-CR-00327-RWS/NAB |
| v. ) | |
| ) | |
| **TERRELL REID,** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE PRETRIAL MOTION

COMES NOW Defendant, Terrell Reid, by and through counsel, and hereby replies to the Government's response to Defendant's motion for leave to file an additional motion to suppress evidence as follows:

1. At the evidentiary hearing held on July 16, 2020, evidence was adduced that **was not disclosed** to Defendant prior to the hearing.

2. At that hearing, the Government asserted that Defendant did not file a discovery request. Evidentiary Hearing Transcript, page 7, lines 14-16.

3. That is patently untrue. Defendant filed a discovery request on September 24, 2019. (Doc. 87).

4. At the hearing, the Government asserted that, had they received a discovery request from the Defendant, it would have been answered. Evidentiary Hearing Transcript, page 7, lines 14-16.

1

5. At the hearing, the Government called a rebuttal witness – Assistant United States Attorney John Davis.

6. **The first time the Government even bothered to tell the defense** that Mr. Davis was present at the interview of Defendant was on **June 12, 2020** in a sealed response to Defendant's pretrial motions. (Doc. 151).

7. At the hearing, Defendant learned that Mr. Davis and Agent Gronewald interviewed Defendant together.

8. Mr. Davis testified that he and the defendant discussed mandatory minimums, being a CI, pretrial release, and 924(e).

9. **Nothing** the Government has disclosed to the defense references or suggests that Mr. Davis was even present at the interview of Defendant.

10. After the hearing, the Government sought an order from this Court declaring Defendant's motion to suppress those statements moot. The Government is seeking to bar further evidence pertaining to the investigation – and the manner in which it was conducted.

11. The evidence receipts, in defendant's possession at the time of the hearing, directly contradict what Mr. Davis testified to at the hearing.

12. Mr. Davis's testimony and Detective Brevick's testimony directly contradict evidence in defendant's possession.

13. Agent Gronewald's affidavit directly contradicts Mr. Davis's testimony and Detective Brevick's testimony at the evidentiary hearing.

14. The pleadings in this case make clear that discovery has been something Defendant has sought and fought to obtain in this case.

15. For the Government to claim that they have been candid and forthcoming with evidence is disingenuous.

16. As the Government notes, there is a global pandemic. Jury trials are stalled. The prejudice to the Government from this motion is minimal. The prejudice to Defendant is great.

17. If this Court finds, as the Government suggests, that Defendant has presented "no valid justification as to why he should be allowed" to file an additional pretrial motion, defense counsel moves this Court for leave to file and litigate the additional pretrial motion to avoid being prejudicially ineffective as Defendant's counsel.

WHEREFORE, because the testimony at the Evidentiary Hearing conflicted with other testimony given at the hearing, evidence previously disclosed to the defense, and sworn statements of Agent Gronewald, and because the Government is now asking this Court to deny Defendant's motion as moot, Defendant asks this Court to allow this additional pretrial motion so as to preserve Defendant's constitutional rights.

MUHLENKAMP & BERNSEN,
ATTORNEYS AT LAW, LLC


By: */s/ Tory D. Bernsen*_____
TORY D. BERNSEN, (#62857MO)
Attorney for Defendant
P.O. Box 220126
St. Louis, Missouri 63122
(314) 462-0400
(314) 737-2899 (cell)
tbernsen@mbstlcriminaldefense.com

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties of record.

                                                 */s/ Tory D. Bernsen*
                                                 TORY D. BERNSEN