UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 4:19-cr-327 RWS/NAB |
| TERRELL REID, | ) |
| Defendant. | ) |

### MEMORANDUM IN SUPPORT OF
### MOTION FOR LEAVE TO FILE PRETRIAL MOTION (DOC. 184)

COMES NOW Defendant Terrell Reid, by and through counsel, and respectfully offers this memorandum in support of his motion for leave to file pretrial motion.

**The gun that Defendant seeks to suppress was found twice**:

– on Defendant's person, when he was searched incident to arrest at 1600 hours

**and**

– in the glovebox of the silver Cadillac no earlier than 1804 hours[1].

*Incommunicado*

The United States of America is a complex maze of agencies and departments. In this case, Agent Gronewald failed to communicate minimal

---

[1] Defendant signed a consent to search the cell phones at this time.

1

information, and Defendant's constitutional rights were violated as a result.

When Terrell Reid exited his Cadillac and walked into the hotel, he took "a small bag and a small plastic case with him." Evidentiary Hearing Transcript, page 30: lines 3-7 ("EHT, 30:3-7"). Mr. Reid did not return to the Cadillac again. EHT, 29-35.

Upon Mr. Reid's arrest, Agent Tom Gronewald seized a firearm from Mr. Reid at 1600 hours on April 16, 2019. (Defendant's Exhibit A, attached hereto). Agent Gronewald also seized $4,500 cash, four cell phones, a cooking stove, a Pyrex glass dish, and a digital scale. EHT, 34; Defendant's Exhibits B – I.

*Smell Test*

A St. Charles police officer's narcotics-detecting dog conducted a sniff of the Cadillac and gave a positive alert for the odor of narcotics. EHT, 35-36. The Cadillac was "transported" to the St. Charles Police Department for "further search." EHT, 35:15-17. At the police department, a search of the vehicle revealed a "loaded pistol" in the Cadillac's glovebox. EHT, 36:16-25; 37:1-3.

*Miranda*

At the same time, Agent Gronewald and Detective Brevik interviewed Mr. Reid inside the police department. EHT, 37:3-15. Agent Gronewald advised Mr. Reid of his *Miranda* rights "at the outset of the interview" and Mr. Reid signed the *Miranda* waiver at 5:46 p.m. EHT, 37:13-17; 39:6-23; Government's Exhibit 4.

"After Mr. Reid acknowledged his *Miranda* rights and signed" the *Miranda*

waiver, he made statements to Detective Brevik and Agent Gronewald. EHT, 41:7-10.

### *Defendant Has Been to Prison*

Detective Brevik testified that Mr. Reid told her and Agent Gronewald that he had been to prison for distribution of drugs. EHT, 66:15-16. Detective Brevik testified that Mr. Reid "alluded to the fact that he contacted somebody he met in prison" "to procure the cocaine." EHT, 43:2-6

### *Consent to Search*

Detective Brevik testified that Mr. Reid consented to a search of four cell phones at 1804 hours. EHT, 49-50. Mr. Reid was never asked to consent to a search of the Cadillac. Nor was a warrant obtained.

### *"Rented Gun" Found in Warrantless, Nonconsentual Search of Cadillac*

Detective Brevik testified that Agent Gronewald exited the interview room and then came back. EHT, 50:21-23. Detective Brevik testified that when Agent Gronewald returned to the interview, he told Mr. Reid that the Cadillac had been searched. EHT, 50:25; 51:1.

Detective Brevik testified that Mr. Reid told them that there was a loaded pistol in the glovebox of the Cadillac; that he had rented the gun that day and was going to return it after the "drug deal." EHT, 51:6-13. Detective Brevik testified that

3

Mr. Reid said he got the gun "solely to have at the drug deal[2]." EHT, 51:12-13.

*Confidential Informant – and Missing Information*

There is no recording of the post-arrest, pre-charge interview of Defendant. EHT, 55:8-10.

At some point in the interview, an assistant united states attorney came into the interview room briefly and spoke with Mr. Reid about the possibility of becoming a confidential informant.[3] [4] EHT, 51:14-25; 52:1-8. Detective Brevik specifically testified that the assistant united states attorney came into the room when the interview was near its close in order to talk to Mr. Reid about the possibility of being a confidential informant. EHT, 65:12-16.

The assistant united states attorney, Mr. Davis, testified at the hearing. The defense, who has no reason to doubt Mr. Davis's credibility, queried of Mr. Davis as to the Government's pleading that set forth that the Government did not learn that Mr. Reid had criminal history until the completion of the pretrial services report. EHT, 103:3; 105:1-16. Mr. Davis confirmed that and further clarified that he "was thinking [Mr. Reid] was going to be a cooperating witness." EHT, 106:20-23.

---

[2] Defendant notes that Detective Brevik also testified that Defendant told her and Agent Gronewald that Defendant had brokered drug deals "numerous times and about 7-8 times in the St. Louis area." EHT, 48:22-25.

[3] Detective Brevik was present for the entire interview. EHT, 52:9-10.
[4] There is no recording of the post-arrest, pre-charge interview of Defendant. EHT, 55:8-10.

4

Mr. Davis testified that Agent Gronewald telephoned Mr. Davis, who was at home, and asked him to come to the police department to talk to a suspect who was interested in cooperating with the Government. EHT, 93:5; 93:20-23. Agent Gronewald did not give Mr. Davis any background information on Mr. Reid – other than reassuring him that Mr. Reid had been *Mirandized* and wanted to cooperate. EHT, 95:13-21.

The Fourth Amendment of the United States Constitution provides that: "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

"Searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967).

When the gun was seized from the Cadillac, the Defendant was being interviewed at the St. Charles Police Department by Agent Gronewald. Defendant had no ability to reach any the items inside of the Cadillac. The Cadillac had already been "transported" from the hotel to the police department. There was no tow inventory done.

5

The gun obtained from the Cadillac was seized without a search warrant and there exist no circumstances that would make this warrantless, nonconsensual search of the Cadillac reasonable and constitutional. "Nitro" alerting caused the car to be towed from the scene. But the car was not searched at the scene. There was no reason for law enforcement's choice to elect not to get a warrant.

*Conclusion*

In this case, Agent Gronewald was careless in considering the position in which he put Mr. Davis. In reviewing the testimony of Detective Brevick, Mr. Davis, and the reports and affidavits of Agent Gronewald, undersigned counsel realized that there is a significant constitutional issue that she failed to raise earlier. It was not until the hearing was had, and the testimony was heard, that undersigned counsel recognized that the firearm in this case was seized without a warrant or exception thereto. Undersigned counsel failed to recognize the issue until the evidence adduced at the hearing. Thus, Defendant respectfully seeks leave to file an additional pretrial motion.

If this Court finds that undersigned counsel should have realized this constitutional issue earlier in the proceedings, undersigned counsel asks for leave to file an additional pretrial motion – and to litigate such – in order to afford Mr. Reid with the constitutionally effective attorney to which he is entitled. In order to avoid being prejudicially ineffective at any later Section 2255 proceeding, undersigned counsel submits that granting Defendant's motion for leave would

preserve Defendant's constitutional rights and would effectuate the goals of AEDPA with seeking finality to criminal case dispositions.

The only item of evidentiary value found in the car was the gun.[5] No drugs were found in the car. No evidence was at risk of disappearing or being destroyed. No person could reach it. And no one searched the car until it had already been towed to the police station.

**The same gun was found twice.**

Defendant's constitutional rights were violated when law enforcement illegally searched his car. Defendant's rights to a fair trial, due process and effective assistance of counsel now hang in the balance and Defendant respectfully moves this Court for leave to file an additional pretrial motion.

                Respectfully submitted.

                MUHLENKAMP & BERNSEN,
                ATTORNEYS AT LAW, LLC

                By: */s/ Tory D. Bernsen*
                    TORY D. BERNSEN, (#62857MO)
                    Attorney for Defendant
                    P.O. Box 220126
                    St. Louis, Missouri 63122
                    (314) 462-0400
                    (314) 737-2899 (cell)
                    tbernsen@mbstlcriminaldefense.com

---

[5] Defendant notes that the evidence receipts and reports indicate the gun was seized hours earlier from Defendant's person by Agent Gronewald pursuant to a search incident to his arrest. *See Exhibit A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties of record.

                                                     */s/ Tory D. Bernsen*
                                                     TORY D. BERNSEN